**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **BONITA REDD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:13-2015** |
| | ) | |
| **MCDOWELL COUNTY BOARD** | ) | |
| **OF EDUCATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) "McDowell County Board of Education's Motion to Dismiss the Plaintiff's Complaint" (Document No. 3.), filed on February 18, 2013; (2) "West Virginia Department of Education's Motion to Dismiss the Plaintiff's Complaint" (Document No. 5.), also filed on February 18, 2013; and (3) Plaintiff's "Motion to Remand Case to State Court" (Document No. 16.), filed on April 15, 2013.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2013, Plaintiff, proceeding *pro se*, filed her Complaint in the Circuit Court of McDowell County, West Virginia. (Document No. 1, pp. 7 - 10.) Plaintiff names the following as Defendants: (1) McDowell County Board of Education, and (2) West Virginia Department of Education. (Id., p. 7.) Plaintiff complains that Defendants have engaged in "racial and sex discrimination" in violation of "federal, state, and local laws and statutes." (Id.) Specifically, Plaintiff alleges that Defendants violated Title VI, Title VII, Title IX, the U.S. Department of Education, and West Virginia Code §§ 5-11-9, 5-11-20, 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3). (Id.)

On February 5, 2013, Defendants filed their Notice of Removal with this Court. (Document

No. 1.) Defendants state that Plaintiff's Complaint asserts "many federal claims," such as the violations of Title VI, Title VII, and Title IX. (Id., p. 2.)

On February 18, 2013, Defendants filed their Motions to Dismiss and Memorandums in Support. (Document Nos. 3 - 6.) Specifically, Defendants argue that Plaintiff's Complaint does not meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure as delineated in Twombly and Iqbal.(Document Nos. 3 - 6.) Additionally, McDowell County Board of Education argues that all of Plaintiff's claims against them "must be dismissed pursuant to the Eleventh Amendment since the West Virginia Board of Education intervened in the operations of the McDowell County school system and as the West Virginia Board of Education is a state agency, it is entitled to Eleventh Amendment Immunity." (Document Nos. 3 - 4.) Finally, the West Virginia Department of Education asserts that all of Plaintiff's claims against them must be dismissed pursuant to the "Eleventh Amendment" and the doctrine of sovereign immunity. (Document Nos. 5 - 6.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on February 19, 2013, advising her of the right to file a response to the Defendants' Motions to Dismiss. (Document No. 8.)

On February 19, 2013, Plaintiff filed her Response objecting to the removal. (Document No. 9.) Specifically, Plaintiff argues that "[m]ost of the violations in the Complaint are violations of State laws, statutes, codes, or policies [and] [t]here appear to be complex issues of State law." (Id.) Also on February 19, 2013, McDowell County Board of Education filed its "Motion to Modify Case Style." (Document No. 7.) Specifically, McDowell County Board of Education requests that the Court modify "the style of the case to be as follows: 'Bonita Redd v. McDowell County Board of Education, West Virginia Department of Education.'" (Id., p. 2.) In support of the Motion, McDowell County Board of Education notes that "even though the Plaintiff mentions the West Virginia

2

Department of Education in the body of the Complaint, the West Virginia Department of Education was not listed as a Defendant in the caption of the case." (Id., p. 1.) Furthermore, McDowell County Board of Education states that the Notice of Removal was filed on behalf of both of the Defendants. (Id., p. 2.) By Order entered on February 20, 2013, the undersigned granted Defendants' "Motion to Modify the Case Style." (Document No. 10.)

On March 5, 2013, Defendants filed the "Reply to Plaintiff's Response/Objection to the Removal." (Document No. 11.) First, Defendants state that contrary to Plaintiff's assertions, "the majority of the Plaintiff's claims for relief involve federal causes of action." (Id., p. 1.) Defendants explain that "[n]ot only does the Plaintiff's Complaint mention race and sex discrimination as the main basis of her claims for relief, the Complaint also states that the Defendants violated federal law." (Id., p. 2.) Specifically, Plaintiff argues that Defendants violated Title VI, Title VII, Title IX, and the "US Department of Education - Title 34-Part 100-Non discrimination Under Programs Receiving Federal Assistance Through the Department of Education Effectuation of Title VI of the Civil Rights Act of 1964." (Id.) Next, Defendants argue that removal is not premature based upon West Virginia Code § 55-17-1, et seq. (Id., p. 3.) Citing Moto v. CSX Transp., Inc., 2007 WL 1526995 (W.Va. May 24, 2007), Defendants state that the "Supreme Court of Appeals of West Virginia held that compliance with W.Va. Code § 55-17-3(a) is a jurisdictional prerequisite for lawsuits against agencies and official in state courts." (Id.) Thus, Defendants contend that because "this case was removed to federal court there would be no need to follow this statute and therefore the removal is neither premature nor defective." (Id.)

On March 22, 2013, Plaintiff filed her "Motion to Deny Defendants (McDowell County Board of Education and West Virginia Department of Education's) Motion to Dismiss the Plaintiff's Complaint" and Memorandum. (Document Nos. 12 and 13.) First, Plaintiff argues that she "did not

file her Complaint in Federal Court and therefore should not be required to meet the Federal Rules of Procedure." (Document No. 12, p. 1.) Second, Plaintiff contends that Twombly and Iqbal are not applicable. (Id., pp. 1 - 2.) Third, Plaintiff states that she "has met the appropriate standard and stated enough factual content that would result in a reasonable inference that the McDowell County Board of Education is liable for the proven and alleged conduct." (Id., p. 2.) Fourth, Plaintiff argues that Defendants are not entitled to Eleventh Amendment immunity. (Id., pp. 2 - 5.) Fifth, Plaintiff claims that Defendants violated Title VII and IX because they were "found guilty of racial and sex discrimination in Grievance No. 2008-1773-McDED." (Id., pp. 5 - 6.) Sixth, Plaintiff contends that Defendants "are not entitled to receive federal funds pursuant to Title 34 Education (34 CFR 100.3)." (Id., p. 6.) Seventh, Plaintiff claims that the the pleading standards for favoritism and retaliation are met. (Id., pp. 6 - 7.) Eighth, Plaintiff argues that the "pleading standards for W. Va. Code § 5-11-20 are met." (Id., p. 8.) Ninth, Plaintiff alleges that Defendants "did not follow § 18A-4-7 when they terminated me as assistant principal, demoted, and transferred me to a teaching position based on lack of need and reduction in force, as they claimed." (Id.) Finally, Plaintiff contends that Defendants violated W.Va. Code §§ 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3). (Id., pp. 8 - 11.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Dennis Jarvis (Document No.; 12-1, p. 3.); (2) A copy of Watkins v. McDowell County Board of Education, Civil Action No. 10-AA-157 (Kanawha County Cir. Ct. Feb. 9, 2011) (Id., p. 4.); (3) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Clinton Henry (Id., p. 5.); (4) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Alvin and Gloria Cline (Id., p. 6.); (5) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Gloria Cline (Id., p. 7.); (6) A copy of a the WV Education & State

4

Employees Grievance Board "Database Search Results" for Lawrence Barber, III (Id., pp. 8 - 10.); (7) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Randall Wright (Id., p. 11.); (8) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Plaintiff (Id., pp. 12 - 19.); (9) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Betty Bell (Id., p. 20.); (10) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Eric Carder (Id., p. 21.); (11) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for James Spence, Sr. (Id., p. 22.); (12) A copy of a the WV Education & State Employees Grievance Board "Database Search Results" for Avery Ray Bailey (Id., p. 23 - 25.); (13) A copy of an Order dated January 23, 2009, noting the continuation of the trial in Redd v. McDowell County Board of Education, et al., Case No. 06-C-301 (McDowell County Cir. Ct.) (Id., p. 27.); (14) A copy of Plaintiff's "Petition for Writ of Mandamus" dated June 28, 2010 (Id., pp. 29 - 30.); (15) A copy of the U.S. Equal Employment Opportunity Commission's "Determination" dated August 17, 2004, as filed in Charge No. 172-2004-0898 (Document No. 12-2, pp. 2 - 4.); (16) A copy of Plaintiff's "Grievance Form For Levels 1, 2, and 3" as filed with the West Virginia Public Employees Grievance Board on March 19, 2009 (Id., p. 6.); (17) A copy of Plaintiff's "Statement of Grievance" dated June 13, 2008 (Id., pp. 7 - 8.); (18) A copy of Superintendent Suzette Cook's Response to Plaintiff's Grievance No. 2008-1773-McDED dated July 8, 2008 (Id., pp. 9 - 15.); (19) A copy of a "Decision" from the West Virginia Public Employees Grievance Board dated November 9, 2012, as filed in Grievance No. 2008-1773-McDED (Id., pp. 16 - 29.); (20) A copy of a Freedom of Information Act Request dated December 11, 2012, from Plaintiff to the State Superintendent of Schools (Id., p. 31.); (21) A copy of a letter dated January 28, 2013, from the West Virginia Department of Education responding to Plaintiff's Freedom of Information Act request (Id., p. 32.);

(22) A copy of a Freedom of Information Act Request dated February 8, 2013, from Plaintiff to the State Superintendent of Schools (Id., p. 33.); (23) A copy of letter dated February 19, 2013, from the West Virginia Department of Education responding to Plaintiff's Freedom of Information Act request (Id., p. 34.); and (24) A copy of the "Approval Recommendations – January 2010" from the Office of Education Performance Audits (Id., pp. 36 - 37.).

On March 29, 2013, Defendants filed their "Combined Reply to the Plaintiff's Response to the Motion to Dismiss the Plaintiff's Complaint." (Document No. 14.) First, Defendants state that they "withdraw their argument on Eleventh Amendment immunity." (Id., p. 1.) Defendants, however, continue to argue as follows: (1) "*Twombly* applies to all civil cases in federal court, including claims removed to federal court" (Id., pp. 1 - 2.); (2) "Plaintiff still fails to meet the pleading standards of *Twombly* and *Iqbal*" (Id., pp. 2 - 3.); (3) "The Plaintiff still failed to plead any facts that the Defendants violated Title VII and Title IX" (Id., pp. 3 - 4.); (4) "The Plaintiff has failed to establish that the Defendants were involved in favoritism" (Id., p. 4.); (5) "Plaintiff's Complaint for violation of W. Va. Code § 5-11-20 still does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as outlined in *Twombly* and *Iqbal*" (Id., pp. 4 - 5.); and (6) "The Plaintiff still cannot maintain a claim against McDowell County Board of Education for violation of W. Va. Code § 18A-4-7, W. Va. Code § 18-2E-3g, W. Va. Code § 18-2E-5(p)(4)(c), W. Va. Code § 18-2E-5(p)(3)" (Id., p. 5.).

On April 15, 2013, Plaintiff filed a "Motion to Remand Case to State Court." (Document No. 16.) Defendants filed their "Response in Opposition to the Plaintiff's Motion for Remand" on April 29, 2013. (Document No. 17.) Plaintiff filed her "Response to Defendants' Opposition to Plaintiff's Motion to Remand" on May 22, 2013. (Document No. 18.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

1.      **Plaintiff's Motion to Remand to State Court:**

In her Motion, Plaintiff states that the "purpose of removal is to avoid two trials: a federal trial and a state trial."[1] (Document No. 16, p. 1.) Plaintiff further asserts that "[t]he state claims are

---

[1]  As Exhibits, Plaintiff attaches the following: (1) A copy of  "McDowell County Schools Notice of Professional Job Openings" dated March 22, 2013 (Document No. 16, p. 9.); (2) A copy of a blank "Application for Posted Professional Job Vacancy" (*Id.*, pp. 10 - 12.); (3) A copy of "WVDE Vacancies" (*Id.*, pp. 13 - 15.); (4) A copy of the a blank "Application for Employment" from the West Virginia Department of Education (*Id.*, pp. 16 - 17.); and (5) A copy of McDowell County Schools' Policy 8-001 regarding "Equal Employment Opportunity Policy Statement of the McDowell County Public School System" (*Id.*, p. 18.).

predominate in this case." (Id.) Next, Plaintiff claims there is "no federal question" because she "has established that the Defendants have violated Title VI, Title VII, Title 34, and Title IX." (Id., p. 3.) Finally, Plaintiff states that "Defendants have not stated that remanding this case back to state court would damage their defense in any manner." (Id., p. 4.)

In Response, Defendants argue that "there would be no need to have two trials in this matter as the court would exercise supplemental jurisdiction over the state law claims that she has filed as the claims arise out of the same case or controversy." (Document No. 17, p. 4.) Second, Defendants noted that "Plaintiff admits in her motion to remand that she has alleged federal violations." (Id.) Defendants explain that "the main basis of the Plaintiff's claims are that she was discriminated against based upon her race or her sex." (Id., p. 5.) Therefore, Defendants assert that "the main issue in this case will be whether or not the Defendants violated federal law." (Id.)

On May 22, 2013, Plaintiff filed her "Response to Defendants' Opposition to Plaintiff's Motion to Remand." (Document No. 18.) Plaintiff claims that "the state courts have subject matter jurisdiction of Title VI, Title VII, and Title IX claims." (Id., pp. 1 - 2.) Plaintiff notes that the "West Virginia Supreme Court of Appeals has consistently looked to federal discrimination law dealing with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to e-17 (1994) when interpreting provisions of our state's human rights statutes." (Id., p. 2.) Finally, Plaintiff states that "choice of the venue belongs to the Plaintiff." (Id., p. 4.)

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court . . .." Title 18 U.S.C. § 1331 provides that District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[F]ederal Courts have jurisdiction to hear, originally or by removal from a state court, only

those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27 - 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Removal is not appropriate unless the plaintiff's "well-pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction. <u>Id.</u>; <u>also see</u> <u>Lontz v. Tharp</u>, 413 F.3d 435, 439 (4th Cir. 2005)("removal is appropriate if the face of the complaint raises a federal question."); <u>Custer v. Sweeney</u>, 89 F.3d 1156, 1165 (4th Cir. 1996)(instructing that courts are to "look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction.") Thus, removal is proper if federal law creates a plaintiff's claim. <u>Mulcahey v. Columbia Organic Chemicals Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994). The Plaintiff, however, is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpiller , Inc., v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)." The removing party has the burden of establishing federal jurisdiction. <u>Mulcahey</u>, 29 F.3d at 151. Additionally, removal jurisdiction is strictly construed and all doubt is resolved in favor of remand. <u>Id.</u> at 148.

The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." <u>United Mineworkers of America v. Gibbs</u>, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.) The Court, however, may decline to exercise supplemental jurisdiction over a claim if one of the following factors exist:

9

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). If one of the four factors is present, the determination of whether to decline the exercise of supplemental jurisdiction is discretionary and must be guided by "the values of judicial economy, convenience, fairness, and comity." City of Chicago v. International College of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 534, 139 L.Ed.2d 525 (1997); also see Price v. Brody Mining, LLC, 2010 WL 2486343 (June 15, 2010)(J. Goodwin)(remanding state law claims to state court following the dismissal of plaintiff's federal claims).

Based upon a review of Plaintiff's Complaint, the undersigned finds an adequate basis for federal question jurisdiction. In her Complaint, Plaintiff specifically alleges violations of federal law. Plaintiff alleges that Defendants violated Title VI, Title VII, Title IX, and the U.S. Department of Education - Title 34-Part 100-Non discrimination Under Programs Receiving Federal Assistance Through the Department of Education Effectuation of Title VI of the Civil Rights Act of 1964. Plaintiff also alleges violations of State law. Specifically, Plaintiff alleges that Defendants engaged in favoritism and violated West Virginia Code §§ 5-11-9 and 20 based upon their alleged acts of race and sex discrimination. Plaintiff further alleges that Defendants violated West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3) by terminating her as the Assistant Principal and demoting her to a teaching position. Thus, the Court must determine whether it has supplemental jurisdiction over Plaintiff's State law claims.

10

The undersigned finds that the District Court has supplemental jurisdiction concerning Plaintiff's claim that Defendants engaged in favoritism and violated West Virginia Code §§ 5-11-9 and 20. Plaintiff contends that Defendants' alleged acts of race and sex discrimination resulted in favoritism and a violation of West Virginia Code §§ 5-11-9 and 20. The undersigned, however, finds that the District Court should not exercise supplemental jurisdiction over Plaintiff's claims that Defendants violated West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3). First, the undersigned finds that Plaintiff's claims raise a complex issues of State law. Second, the undersigned notes that Defendants have filed Motions to Dismiss requesting the dismissal of all claims over which the Court has original jurisdiction. As explained below, the undersigned has determined that Defendants' Motions to Dismiss should be granted as to Plaintiff's race and sex discrimination claims based upon Federal and State law (Title VI, Title VII, Title IX, West Virginia Code §§ 5-11-9 and 20). Therefore, the undersigned finds there are exceptional circumstances and compelling reasons for declining supplemental jurisdiction concerning Plaintiff's remaining claims, which are based solely upon a violation of State law (West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3)). See Price, 2010 WL 2486343 at * 2(dismissing plaintiff's cause of action under the Mine Safety and Health Act and remanding plaintiff's wrongful discharge claim to state court). Based on the foregoing, the undersigned finds that Plaintiff's Motion to Remand should be denied in part and granted in part. Plaintiff's Motion should be denied to the extent she requests remand of her race and sex discrimination claims based upon a violation of Title VI, Title VII, Title IX, and West Virginia Code §§ 5-11-9 and 20. Plaintiff's Motion should be granted to the extent she seeks remand of her claims based upon a violation of West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3).

2.      **Defendants' Motions to Dismiss:**

Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949(quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

A.    *Title VI.*

In their Motions, Defendants argue that Plaintiff fails to state any facts that would lead to a claim under Title VI. (Document Nos. 3 and 5.) Defendants note that Plaintiff does not allege any factual circumstances that raises an inference of race discrimination. (Document No. 4, pp. 7 and Document No. 6, pp. 6 - 7.) Accordingly, Defendants state that Plaintiff's above claims should be dismissed.

In Response, Plaintiff first argues that <u>Twombly</u> and <u>Iqbal</u> are not applicable because she "did not file her complaint in Federal Court." (Document No. 12, pp. 1 - 2.) Second, Plaintiff states that she "has met the appropriate standard and stated enough factual content that would result in a reasonable inference that [Defendants are] liable for the proven and alleged conduct." (<u>Id.</u>, p. 2.) Plaintiff claims that Defendants violated Title VI because they were "found guilty of racial and sex discrimination in Grievance No. 2008-1773-McDED." (<u>Id.</u>, pp. 5 - 6.)

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The objective of Title VI is "to avoid the use of federal funds to support discriminatory practices," and "to provide individual citizens with effective protection against those practices." <u>Cannon v. University of Chicago</u>, 441 U.S. 677, 704, 99 S.Ct. 1946, 1961, 60 L.Ed.2d 560 (1979). To establish a *prima facie* case, a plaintiff must allege that (1) defendants received federal financial assistance for the primary purpose of providing employment, or (2) defendant's employment practices caused discrimination against the primary beneficiaries of the federal aid. <u>See</u> <u>Trageser v. Libbie Rehabilitation Center, Inc.</u>, 590 F.2d 87, 89 (4th Cir. 1978)("Title VI does not provide a judicial remedy for employment discrimination by institutions receiving federal

funds unless (1) providing employment is a primary objective of the federal aid, or (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid."), *overruled on other grounds by* Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 628-32, 104 S.Ct. 1248, 1251-53, 79 L.Ed.2d 568 (1984);[2] also see Allen v. College of William and Mary, 245 F.Supp.2d 777,  785 (E.D.Va. Jan. 27, 2003).

First, the undersigned finds that Plaintiff's argument that Twombly and Iqbal are not applicable because she "did not file her Complaint in Federal Court" is without merit. Next, the Court will consider whether Plaintiff's Complaint states a claim under Title VI. Construing Plaintiff's Complaint liberally, the undersigned finds that the factual allegations fail to provide sufficient detail to plausibly support a claim for relief under Title VI. Although a "plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In her Complaint, Plaintiff merely states that the EEOC found the McDowell County Board of Education "guilty of discrimination against me based on race" in 2003-2004, and the McDowell County Board of Education "granted a grievance on race and sex discrimination" in November, 2012. (Document No. 1, p. 8.) Plaintiff's Complaint, however, fails to allege any factual detail to support her conclusory claim that Defendants discriminated against her based upon her race and sex. Additionally, Plaintiff's Complaint contains no allegation that Defendants received federal funds or that the those funds were received for the primary objective of providing employment. Plaintiff further fails to allege that Defendants' employment practices caused discrimination against the primary beneficiaries of the federal aid. The undersigned, therefore,

---

[2]  In *Consolidated Rail Corp.*, the Supreme Court determined that Section 504 failed to contain limiting language similar that in Section 604.

recommends that Defendants' Motions to Dismiss be granted as to Plaintiff's Title VI claim.

**B.**     ***Discrimination.***

In their Motions, Defendants argue that Plaintiff fails to state any facts that would lead to a claim under Title VII. (Document Nos. 3 and 5.) Additionally, Defendants contend that Plaintiff fails to state any facts that would lead to a claim of racial discrimination (Count 5), continued racial discrimination (Count 6), intentional racial discrimination (Count 17), continued acts of racial discrimination by EEOC-2003-2004 (Count 19), discrimination and racial discrimination 2010-2012 (Count 22), and violation of W. Va. Code § 5-11-9 (Count 23). (Document Nos. 4, pp. 7 - 8 and Document No. 6, pp. 6 - 7.) Defendants note that Plaintiff does not allege any factual circumstances that raise an inference of race discrimination. (Id.) Accordingly, Defendants state that Plaintiff's above claims should be dismissed.

In Response, Plaintiff first states that she "has met the appropriate standard and stated enough factual content that would result in a reasonable inference that [Defendants are] liable for the proven and alleged conduct." (Document No. 12, p. 2.) Plaintiff claims that Defendants violated Title VII because they were "found guilty of racial and sex discrimination in Grievance No. 2008-1773-McDED." (Id., pp. 5 - 6.) Finally, Plaintiff argues that the "pleading standards for W. Va. Code § 5-11-9 are met." (Id., p. 8.) Plaintiff attaches a copy of her grievances as Exhibits.[3] (Document Nos. 12-1 and 12-2.)

Title VII of the Civil Rights Act prohibits discrimination in employment on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e, et seq. The West Virginia Human Rights

_____

[3] Although Plaintiff attached a copy of her grievances to her Response, the Court notes that Rule 8 requires that Plaintiff's Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The Court is not required to speculate as to Plaintiff's claims based upon a review of her Exhibits.

Act [WVHRA] provides that it is illegal to discriminate on the basis of sex "with respect to compensation, hire, tenure, terms, conditions, or privileges of employment if the individual is able to competent to perform the services required." W. Va. Code 5-11-9(a). To establish a *prima facie* case under Title VII and WVHRA, a plaintiff must allege "(1) that she is a member of a protected class; (2) that she was qualified for her job and her job performance was satisfactory; (3) that, in spite of her qualifications and performance, she was fired; and (4) that the position remained open to similarly qualified applicants after her dismissal." Williams v. Cerberonics, Inc., 871 F.2d 452, 455-56 (4th Cir. 1989), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); also see Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007); Barefoot v. Sundale Nursing Home, 193 W.Va. 475, 457 S.E.2d 152, 159 (1995)(holding an employment discrimination claim under the WVHRA mirrors an identical claim under Title VII).

Based upon a review of her Complaint, the undersigned finds that Plaintiff has failed to state a claim for race or sex discrimination. See Bass, 324 F.3d at 765("While plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief."). First, Plaintiff fails to state what adverse decision or action was taken by Defendants. Plaintiff merely concludes that Defendants discriminated against her because "the EEOC found them guilty of discriminating against me based on race" in 2003-2004 and the "MCBOE granted a grievance on race and sex discrimination" in 2012.[4] Next, Plaintiff fails to allege any facts indicating that an adverse decision was made by Defendants that would not have been made but for Plaintiff's race or sex. Finally, Plaintiff does not allege facts

---

[4] In claiming a violation of W. Va. Code § 18A-4-7, Plaintiff contends that Defendants "terminated me as Assistant Principal at Mount View High School, and demoted me to a teaching position, claiming lack of need" in 2011. (Document No. 1, p. 8.)

indicating that Defendants failed to take adverse action against a similar situated individual who was not a member of the protected class. Plaintiff merely concludes Defendants discriminated "against me based on race and sex." Thus, Plaintiff's claims are conclusory and speculative. The undersigned, therefore, recommends that Defendants' Motions to Dismiss as to the above claim be granted.

     **C.**    *Title IX.*

     In their Motions, Defendants argue that Plaintiff fails to state sufficient facts to support a cause of action for discrimination under Title IX. (Document Nos. 3 and 5.) In Response, Plaintiff claims that Defendants violated IX because they were "found guilty of racial and sex discrimination in Grievance No. 2008-1773-McDED." (Document No. 12, pp. 5 - 6.) Plaintiff contends that Defendants "are not entitled to receive federal funds pursuant to Title 34 Education (34 CFR 100.3)." (Id., p. 6.) Plaintiff attaches a copy of her grievances as Exhibits. (Document Nos. 12-1 and 12-2.)

     Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff, however, fails to adequate alleges facts supporting her claim of a Title IX violation. See Bass, 324 F.3d at 765 (noting that the complaint must "allege facts sufficient to state all the elements of" a claim). Plaintiff does not allege that she works in a federally funded education program and was subject to discrimination under that program on the basis of her sex. Plaintiff merely states that "MCBOE granted grievance on race and sex discrimination" in 2012. Plaintiff, however, does not set forth any facts explaining how Defendants discriminated against her based upon her sex. Plaintiff's Title IX claim is conclusory and speculative. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss as to the above claim be granted.

    **D.**    *Favoritism*.

In their Motions, Defendants argue that "Plaintiff's Complaint for favoritism does not meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure as outlined in *Twombly* and *Iqbal* and fails to assert any factual content that would result in a reasonable inference that the [Defendants are] liable for favoritism." (Document Nos. 3 and 5.) In Response, Plaintiff claims that the  the pleading standards for favoritism are met. (Document No. 12, p. 6.) Plaintiff states that the "establishment of a prima facie case of discrimination and favoritism are one of the same" and "Plaintiff has already established that [Defendants] have discriminated based on race." (Id.)

Favoritism is defined as "unfair treatment of an employee as demonstrated by preferential, exceptional or advantageous treatment of a similarly situated employee unless the treatment is related to the actual job responsibilities of the employee or is agreed to in writing by the employee." W. Va. Code § 6C-2-2; also see Frymier v. Higher Education Policy Commission, 221 W.Va. 306, 655 S.E.2d 52 (2007). In her Complaint, Plaintiff concludes that Defendants engaged in favoritism. (Document No. 1, p. 7.) Plaintiff, however, fails to set forth any factual allegations supporting her claim that Defendants engaged in favoritism. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." See Iqbal, 556 U.S. at 678. Plaintiff's conclusory statement that Defendants engaged in favoritism does not raise a right to relief above the speculative level. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss the above claim be granted.

    **E.**    *Retaliation*.

In their Motions, Defendants contend that "Plaintiff's Complaint for retaliation does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as outlined in *Twombly* and

*Iqbal* and fails to assert any factual content that would result in a reasonable inference that the [Defendants are] liable for retaliation." (Document Nos. 3 and 5.) In Response, Plaintiff claims that the the pleading standards for retaliation are met. (Document No. 12, p. 6.) Plaintiff states that "[s]ince the [Defendants] have been proven to discriminate based on race and sex, it is likely that they would also retaliate against the employee." (Id., p. 7.)

To establish a *prima facie* case of retaliation, a plaintiff must prove that "(1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action." Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001); also see Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 656 (4th Cir. 1998). In her Complaint, Plaintiff merely states that Defendants "retaliated against me for all the following, including, but not limited to: (1) past grievances, (2) civil suit, (3) whistle blowing, and (4) EEOC complaints." (Document No. 1, p. 8.) Plaintiff does not allege what adverse action was taken by Defendants or how her protected activity was connected to the adverse action. Thus, Plaintiff's conclusory statement of retaliation is insufficient to state a claim. See Bass, 324 F.3d at 765(noting that the complaint must "allege facts sufficient to state all the elements of" a claim). The undersigned, therefore, recommends that Defendants' Motions to Dismiss the above claim be granted.

### F.     *W. Va. Code § 5-11-20.*

In their Motions to Dismiss, Defendants argue that "Plaintiff's Complaint for violation of W. Va. Code § 5-11-20 does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as outlined in *Twombly* and *Iqbal* as the Plaintiff cannot bring a claim under W. Va. Code § 5-11-20." (Document Nos. 3 and 5.) Defendants contend that "a private citizen cannot bring a claim under this statute." (Document No. 4, p. 11 and Document No. 6, p. 10.) In Response, Plaintiff argues that the "pleading standards for W. Va. Code § 5-11-20 are met." (Document No. 12, p. 8.) Plaintiff

states that she has "proven that [Defendants] discriminated based on race and sex" and "violated the

Plaintiff's human rights." (Id.)

West Virginia Code § 5-11-20 provides, in pertinent part, as follows:

(a)     A person has the right to engage in lawful activities without being subject to actual or threatened:

    (1)     Physical force or violence against him or her or any other person, or

    (2)     Damage to, destruction of or trespass on property, any of which is motivated by race, color, religion, sex, ancestry, national origin, political affiliation or disability.

(b)     Whenever any person, whether or not acting under the color of law, intentionally interferes or attempts to interfere with another person's exercise or enjoyment of rights secured by this article or article eleven-a of this chapter, by actual or threatened physical force or violence against that person or any other person, or by actual or threatened damage to, destruction of or trespass on property, *the attorney general may bring a civil action*:

    (1)     For injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the rights secured, or

    (2)     For civil penalties as specified in subsection (c) of this section, or

    (3)     For both equitable relief and civil penalties. This action must be brought in the name of the state and instituted in the circuit court for the county where the alleged violator resides or has a principal place of business or where the alleged violation occurred.

W. Va. Code § 5-11-20(emphasis added). Based on the foregoing, the undersigned finds that only

"the attorney general may bring a civil action" for the violation of W. Va. Code § 5-11-20. The

undersigned, therefore, recommends that Defendants' Motions to Dismiss be granted as to the above

claim.

    **G.**    ***West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3).***

    As explained above, the undersigned has recommended that Plaintiff's Motion to Remand be

granted as to Plaintiff's claims that Defendants violated West Virginia Code §§ 18A-4-7a, 18-2E-3g,

18-2E-5(p)(4)(c), and 18-2E-5(p)(3). Accordingly, the undersigned recommends that Defendants'
Motions to Dismiss be denied as to the above claims.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court
confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that
the District Court **GRANT in part and DENY in part** Plaintiff's "Motion to Remand Case to State
Court" (Document No. 16.), and **GRANT in part and DENY in part** Defendants' Motions to
Dismiss the Plaintiff's Complaint (Document Nos. 3 and 5.). Specifically, as to Plaintiff's "Motion
to Remand Case to State Court" (Document No. 16.),  the undersigned recommends that Plaintiff's
Motion should be **DENIED** to the extent she requests remand of her race and sex discrimination
claims based upon a violation of Title VI, Title VII, Title IX, and West Virginia Code §§ 5-11-9 and
20, and **GRANTED** to the extent she seeks remand of her claims based upon a violation of West
Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-5(p)(4)(c), and 18-2E-5(p)(3). As to Defendants'
Motions to Dismiss the Plaintiff's Complaint (Document Nos. 3 and 5.), the undersigned recommends
that Motion be **GRANTED** as to Plaintiff's claims alleging favoritism, retaliation, and a violation
of Title VI, Title VII, Title IX, and West Virginia Code §§ 5-11-9 and 20, and **DENIED** as to
Plaintiff's claims based upon a violation of West Virginia Code §§ 18A-4-7a, 18-2E-3g, 18-2E-
5(p)(4)(c), and 18-2E-5(p)(3).

Plaintiff are hereby notified that this "Proposed Findings and Recommendation" is hereby
**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber.
Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and
72(b), Federal Rules of Civil Procedure, the parties shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 20, 2013.

R. Clarke VanDervort
United States Magistrate Judge