```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

BONITA K. REDD,

    Plaintiff,

v.                                     CIVIL ACTION No. 1:13-2015

MCDOWELL COUNTY BOARD OF
EDUCATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendations ("PF&R) on August 20, 2013, in which he recommended that the court (1) grant in part and deny in part plaintiff's motion to remand; and (2) grant in part and deny in part defendants' motions to dismiss.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On September 6, 2013,

plaintiff filed her objections to the Proposed Findings and Recommendation.

## Background

On January 28, 2013, plaintiff, acting pro se, filed a complaint in the Circuit Court of McDowell County.  Named as defendants are the McDowell County Board of Education and the West Virginia Department of Education.  Plaintiff alleges that defendants have engaged in "racial and sex discrimination" in violation of "federal, state, and local laws and statutes."  See Complaint.  Plaintiff goes on to list 28 different federal, state, and local laws, statutes, regulations, and policies which she contends that defendants have violated, including Title VI, Title VII, and Title IX.

Based upon the federal questions presented in plaintiff's complaint, on February 5, 2013, defendants removed the case to this court.  Thereafter, plaintiff moved to remand the case to state court while defendants filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Finding that the court possessed federal question jurisdiction based upon the assertion of the aforementioned federal causes of action, Magistrate Judge VanDervort recommended that the district court deny plaintiff's motion to remand.  The magistrate judge further recommended that the court grant defendants' motion to dismiss plaintiff's claims alleging race and sex discrimination, including violations of Title VI, Title

VII, Title IX, and West Virginia Code § 5-11-9, on the grounds that plaintiff's complaint does not meet the threshold pleading standards set out by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  Magistrate Judge VanDervort recommended dismissal of the favoritism and retaliation claims for the same reason.  In addition, the PF&R recommended dismissal of plaintiff's claim under West Virginia Code § 5-11-20 because only the attorney general may bring a civil action pursuant to that statute.  With respect to plaintiff's remaining claims, the magistrate judge recommended that the court decline to exercise its supplemental jurisdiction over those claims and remand the case to state court.

Analysis

A.   *Objections to Exercise of Federal Jurisdiction*

Plaintiff's objections are largely repetitive and essentially demonstrate a failure to grasp the fundamental principles of federal question jurisdiction.  Objections One and Three argue that this court is required to remand plaintiff's case to state court based upon defendants' alleged violation of McDowell Policy 8-001, a county policy.  <u>See</u> Plaintiff's Objections at p. 1 (arguing that the magistrate judge "should have remanded to state court on McDowell County Policy 8-001, given that it is a county policy").  Objection Five finds fault with the court's exercise of supplemental jurisdiction.

Objection Twelve contends that "at least thirty-two legal actions" against defendants have not been removed to federal court since Iqbal, see id. at p. 6, and that this somehow mandates remand to state court.

Without disputing that her complaint asserts several federal causes of action, plaintiff appears to contend that because it also contains state law claims, the whole case should be remanded to state court.  This argument fails because the fact that a state court has concurrent jurisdiction over a cause of action does not require that the action be remanded from federal court back to state court.  See Callison v. Charleston Area Med. Ctr., Inc., 909 F. Supp. 391, 394 (S.D.W. Va. 1995) ("The existence of concurrent jurisdiction does not require remand."); see also McWilliams v. Metropolitan Life Ins. Co., No. 98-1732, 1999 WL 64275, at *2 n. 1 (4th Cir. Feb. 11, 1999) ("[T]his court has consistently held that concurrent jurisdiction does not defeat a defendant's right to removal."); Hupp v. First Care Services, Inc., No. Civ. A. 6:05CV00732, 2005 WL 2654231, *2 (S.D.W. Va. Oct. 17, 2005) ("The mere fact that this court could have concurrent jurisdiction with the state court . . . does not require remand.").  "Plaintiff may not simply rely upon concurrent jurisdiction, but must show an absence of any basis for subject-matter jurisdiction to accomplish remand once a case has been properly brought in this court." Moody-Williams v. Liposcience, No. 5:12-CV-104-FL, 2013 WL 1246752, *2 (E.D.N.C.

Mar. 26, 2013). Thus, this asserted ground for remand is without merit.

As to plaintiff's argument that this court is without jurisdiction to decide her state law claims, that argument is also without merit. Plaintiff clearly alleged claims invoking federal question jurisdiction and supplemental jurisdiction over her state law claims was proper because those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011).

Furthermore, to the extent plaintiff argues that remand is required because state law issues predominate her case, that argument fails. This court is not permitted to decline jurisdiction over federal claims "on the grounds that there are more state statutes at issue than federal ones." Benas v. Shea Mortgage, Inc., No. 11cv1461-IEG (BGS), 2011 WL 4635645, *2 (S.D. Cal. Oct. 4, 2011); see also Johnson v. Medisys Health Network, No. 10-CV-1596 (ERK)(WP), 2011 WL 5222917, *4 (E.D.N.Y. Jun. 1, 2011) (ratio of state to federal claims is not determinative of whether to exercise supplemental jurisdiction).

Finally, plaintiff's allegation that Magistrate Judge VanDervort "omitted McDowell County Policy 8-001" is incorrect. Magistrate Judge VanDervort found that she had failed to state a claim for race discrimination. See PF&R at p. 16. Plaintiff

5

concedes that the McDowell County Policy is grounded in Title VI and VII. In dismissing the federal and state law claims for race discrimination, the magistrate judge correctly concluded that defendant's allegations of race discrimination were "conclusory and speculative" and did not satisfy federal pleading standards.

Based on the foregoing, plaintiff's objections to the recommended denial of her remand motion are OVERRULED.

B.  *Objections to Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)*

In her objections numbered Two, Four, Six, Seven, Eight, Nine, Ten, and Eleven, plaintiff contends that Magistrate Judge VanDervort erred in concluding that her complaint failed to satisfy the pleading standards and contained insufficient factual allegations to state a plausible claim to survive a motion to dismiss under Rule 12(b)(6) under Twombly and Iqbal. According to plaintiff, because the court was able to determine that federal question jurisdiction was present in denying her remand motion, dismissal for failure to satisfy Twombly and Iqbal was inappropriate.

Plaintiff misapprehends the nature of the "well-pleaded complaint" rule and Magistrate Judge VanDervort's use of the term in his PF&R. "The presence or absence of a federal question is determined by the well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the "well-pleaded complaint" rule, the plaintiff is the master of his or her

6

complaint, and a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." Id.; Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). "[T]he well-pleaded complaint rule ordinarily directs us to look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. 1331." Custer, 89 F.3d at 1165 (internal quotations omitted).

However, a court's reliance on the well-pleaded complaint rule to determine whether federal question jurisdiction appears on the face of the complaint is not a stamp of approval by the court as to the sufficiency of that complaint. "The well pleaded complaint rule is, in this context, a term of art. It speaks not to a presumption of proper form or of merit but to a presumption that a plaintiff is master of the claim." Virgilio v. Motorola, Inc., 307 F. Supp.2d 504, 512 (S.D.N.Y. 2004) (internal citations and quotations omitted). Indeed, it is not unusual for a court to determine that it has jurisdiction over a complaint and then turn around and dismiss that same complaint as deficient pursuant to Twombly and Iqbal. See, e.g., Rockwood Retaining Walls, Inc. V. Patterson, Thuente, Skaar & Christensen, P.A., Civil No. 09-2493 (DWF/FLN), 2009 WL 5185770, *6-7 (D. Minn. Dec. 22, 2009) ("Plaintiff's current motion to remand must be denied because the Amended Complaint – although not adequate to meet the requirements of Twombly and Iqbal – plainly discloses a legal

7

malpractice claim that will require . . . resolution of substantial questions of federal patent law."). Accordingly, plaintiff's objections on this point are OVERRULED.

For the reasons set forth above, the court **OVERRULES** plaintiff's objections and adopts Magistrate Judge VanDervort's findings and recommendation. Plaintiff's motion to remand is **DENIED**. Defendants' motion to dismiss is **GRANTED** as to plaintiff's claims alleging favoritism, retaliation, race discrimination, sex discrimination, and violation of Title VI, Title VII, Title IX, and West Virginia Code §§ 5-11-9 and 5-11-20. The motion to dismiss is **DENIED** in all other respects. Having dismissed all of plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. The court remands the case to state court pursuant to 28 U.S.C. § 1367(c)(3).[*] See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original

---

[*] Magistrate Judge VanDervort recommended that plaintiff's remand motion be granted as to certain claims. The court wishes to make clear that its decision to remand is not based upon any jurisdictional defect but, rather, upon its decision to decline to exercise its supplemental jurisdiction. Carlsbad Tech., Inc. V. HIF Bio., Inc., 556 U.S. 635, 639-40 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").

8

jurisdiction"). Accordingly, this case is **REMANDED** to the Circuit Court of McDowell County, West Virginia.

The Clerk is directed to forward a copy of this Order to counsel of record, plaintiff, and to the Clerk of the Circuit Court of McDowell County. The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 30th day of September, 2013.

                ENTER

                */s/ David A. Faber*
                David A. Faber
                Senior United States District Judge